Modified.

29 C.C.P.A. (Patents)

## In re MEAD.

### Patent Appeal No. 4599.

Court of Customs and Patent Appeals.

April 27, 1942.

Charles W. Mortimer, of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting claims 9 to 15, inclusive, of appellant's application for a patent. Eight claims were allowed. Claims 9, 10 and 11 are apparatus claims, and claims 12 to 15, inclusive, are for a process.

Claims 9 and 12 illustrate the subject matter involved and read as follows:

"9. In a device of the character described, means to suspend a burial vault in a grave with its upper edge near the surface of the ground and to lower it gradually, removable supports for rollers adapted to rest upon the upper edges of said vault, and rollers mounted upon said supports."

"12. The process of placing a casket in a vault, which comprises suspending the

vault in a grave with its edges near the surface of the ground, supporting rollers on said edges, placing a casket on said rollers, lowering said vault and suspending said casket, removing said rollers and simultaneously raising said vault and lowering said casket into it."

The references cited are:

Fuller, 736,377, August 18, 1903.
Scroggin, 1,263,611, April 23, 1918.
Dormer, 2,028,442, January 21, 1936.
Haase, 2,112,286, March 29, 1938.
Smola, 2,117,518, May 17, 1938.
Haase, 2,163,171, June 20, 1939.
Haase, 2,163,173, June 20, 1939.

Appellant's alleged invention is described by the Board of Appeals in its decision as follows:

"The invention is a device for placing a burial vault and casket in a grave. The purpose of the invention is mainly to place the casket in the vault and apply the cover to the vault before it is lowered in place. This has been done by means of prior art devices shown in the patents cited so that applicant is not the first one to do this. Applicant provides an apparatus comprising a pair of side shafts and a pair of end shafts geared together so they can be all turned at one time. Straps are connected to the end shafts for supporting the vault and straps are provided in the side shafts for supporting the casket when it is to be lowered into the vault. Applicant also provides a separate removable frame which fits on the upper edges of the vault and is provided with transverse rollers extending across the top of the frame for temporarily supporting the casket. This frame is removed by hand after lifting the casket by means of the straps and the casket is then lowered into the vault and cover is placed on the vault. The vault is then ·lowered in place."

While the references cited are seven in number the examiner in his statement discussed only the patents to Haase and Dormer. The Board of Appeals in its decision referred only to the patents to Haase, Dormer, and Fuller.

With respect to the patents to Haase, the examiner in his statement said:

" * * * As clearly indicated by the Haase patents above noted, the practice is such that the vault base is usually left at a level slightly lower than the level of the supporting device while the casket is rolled into a position immediately over the base. The base is then raised to meet the coffin while the coffin is being lowered thereupon, and the two portions are then lowered sufficiently to permit of the reception of the cover for the vault, whereupon suitable sealing and ultimate lowering of the entire unit may be affected. [effected.]"

The patent to Fuller shows a removable frame provided with rollers, which frame is placed upon cross pieces over a grave, the purpose being, as stated in the patent, " * * * to provide a traveler that will traverse the length of the box and support and carry the foot of the casket as it is moved over the box, thus making it unnecessary for the pall-bearers to pass along the opposite sides of the grave."

Appellant has the same purpose in providing for removable supports and rollers mounted thereon.

The patent to Dormer discloses a device, one of the purposes of which is the lowering of caskets into vaults. Instead of a frame supporting rollers, as shown by appellant, the patentee discloses a plurality of swinging load supports provided with rollers.

The examiner rejected claims 9, 10 and 11 as being drawn to an aggregation on the ground that, quoting from his statement, "there appears to be no such mutual interdependency between the rollers and the lowering device upon which a community ultimate function or result may be predicated which does not flow from the individual characteristics of the two devices."

The examiner further held that the lowering device and the roller device are each capable of its independent function and operation, irrespective of the presence or absence of the other.

The Board of Appeals agreed with this view of the examiner, stating: " * * * There is no cooperative relation between the vault suspending means and the separate frame which carries the rollers recited in claim 9. Nor is there any combination between this frame and the casket lifting means recited in claims 10 and 11. * * *"

We are in agreement with the said views of the Patent Office tribunals. Since the frame with its rollers is removed when the rest of the mechanism recited is operated, there is no cooperation with said mechanism to produce a unitary result.

304

The examiner also rejected these claims upon the ground of unpatentability over the cited prior art, holding that the combination is clearly indicated by the Dormer and Haase patents. The board stated with respect to this ground of rejection:

"These claims have also been rejected on the prior art. We think this rejection is sound. The Haase and Dormer patents show broadly the combinations recited in these claims. They employ a different temporary support for the casket. We fail to see that any invention would be involved in substituting for the rollers 16 and their supporting brackets in Dormer a removable frame which can be placed on the edge of the vault such as is shown in Fuller. The same substitution can be made in the Haase patents without involving invention."

We are in agreement with the views expressed by the board in the above quotation.

The process claims 12 to 15, inclusive, were rejected by the examiner upon the ground that "they set forth only the necessary steps and functions directly attributable to the structure disclosed and are not of a character which could be clearly ascribed to steps of a character unrelated to the structure disclosed."

The board affirmed this ground of rejection, stating that the claims refer to various parts of the apparatus and recite no more than the way in which the parts of the apparatus are manipulated to accomplish appellant's results.

We think the process claims were properly rejected upon the ground stated. Appellant does not point out any practical way by which the method could be carried out independent of the apparatus recited in his application.

The board applied a new ground of rejection to the process claims, viz., that they are unpatentable over the cited prior art. With respect to this ground of rejection the board stated:

"Although the examiner has not rejected these claims on the prior art, it is obvious that the prior art patents are operated in about the same way as is recited in these claims. Any real difference merely resides in manipulating a removable frame for supporting the casket instead of swinging a temporary support away from its supporting position."

We agree with the views of the board last above quoted. The Haase patents clearly show broadly the elements of the process claims other than the provision for supporting rollers on the edges of a vault.

We have agreed with the Patent Office tribunals that in appellant's apparatus claims the use of supporting rollers on the edge of the vault did not lend patentability to said claims in view of the cited prior art. For the same reasons we must hold that the element of supporting rollers in claims 12, 13 and 14 does not lend patentability to these claims. Claim 15 does not contain the element of supporting rollers, and the operation therein described is substantially the same as that disclosed in the Haase patents, Nos. 2,163,171 and 2,163,173.

The decision appealed from is affirmed.

Affirmed.